THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO FIGUEROA PIZARRO, Defendant and Appellant.

No. 7850. Argued December 6, 1939.—Decided December 15, 1939.

*Gustavo Benítez Gautier* and *Jorge Benítez Gautier* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The defendant-appellant was convicted of involuntary manslaughter and sentenced to five months in jail. He bases his appeal on two assignments of error. The first one refers

to the overruling of a motion for the dismissal and filing away of the case because the trial was not held within 120 days after the information was filed, according to the provisions of Section 448 of the Code of Criminal Procedure.; and in the second it is said that the jury erred in the appraisal of the evidence, which was also insufficient to sustain the verdict.

▮ From the order issued by the lower court overruling the motion to file away it appears that in opposition to said motion the district attorney offered the testimony of the court's deputy clerk, through which it was established that the information was filed on September 28, 1936, and the defendant arraigned on October 9, 1936; that the trial by jury was set for March 4, 1937, but it had to be postponed because the court was busy with a murder trial; that it having been set again for December 10, 1937, it had to be postponed for a second time because the court was busy with another murder trial; that outside of this two occasions when the case was set for trial, there had been materially no time to hold it, because the criminal docket was completely full; and that during all that time the defendant was out on bail.

The district court did not err in refusing to order the dismissal and filing away of the case. The reason alleged by the district attorney to excuse the delay in the trial of the case is in our opinion a just and sufficient cause. See *People* v. *Nigaglioni,* 28 P.R.R. 217; *People* v. *Romero et al.,* 39 P.R.R. 504 and *People* v. *Cabán,* 45 P.R.R. 210 and *Gerardino* v. *People,* 29 F. (2d) 517.

▮ From the evidence, appraised in bulk, serious contradiction results. The evidence for the People tended to show that at the time of the accident the defendant was driving the automobile at an excessive speed; that he did not sound the klaxon or any other warning device; and that the defendant was intoxicated at the time. The evidence for the defense tended to show just the opposite. The jury

738

believed the People's witnesses, deciding the conflict arising from the evidence against the defendant.

Since the evidence of the People is amply sufficient to sustain the verdict, and it cannot be alleged or presumed that the jury was moved by bias, prejudice or partiality in its appraisal, it is our duty to respect the jury's finding and affirm the judgment.

Mr. Chief Justice Del Toro took no part in the decision of this case.